IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRAVIS MCARTHUR ALDRIDGE,[1]

      **Petitioner,**

v.                                             Civil Action No. 3:10cv115
                                              Criminal Action No. 3:08cr36
                                              (Judge Bailey)

**UNITED STATES OF AMERICA,**

      **Respondent.**

# REPORT AND RECOMMENDATION
# THAT §2255 MOTION BE DENIED

On November 18, 2010, the *pro se* petitioner filed a petition under 28 U.S.C. § 2255 for a Writ of Habeas Corpus by a Person in Federal Custody, with no memorandum in support. (Dkt.# 66). This case is before the undersigned for a preliminary review pursuant to LR PL P 83.15, et seq. and Standing Order No. 5.

Upon a preliminary review of the petition, it appeared that the petition was untimely, having been filed twenty-one days after the one-year statute of limitations had expired.[2] Thus, pursuant to

---

[1] The record reflects that petitioner's true name is Jerrone Lamont Cephas; petitioner was using his brother's name as an alias when he was arrested. (Dkt.# 39 at 8). At the time of petitioner's June 2008 arrest, the real Mr. Travis McArthur Aldridge was serving in the U.S. Navy, stationed in Naples, Italy, and had filed a report with the Ranson (WV) Police Department sometime in or around early 2008, reporting that someone had stolen his identity. (Id. at 8 - 9).

[2] Petitioner had already been advised, well before he actually filed his § 2255 petition, that the one-year statute of limitations for its timely filing would expire on October 28, 2010. On September 24, 2010, petitioner filed a motion requesting an extension of time (in advance) in which to file a § 2255 motion. (Dkt.# 62). That motion was first denied by Order entered on September 28, 2010 (Dkt.# 63); it incorrectly advised that the one year period for timely filing began on November 19, 2009. An Amended Order was immediately issued the next day (Dkt.# 64), correcting the error, and advising petitioner that the one year period for timely filing began on October 28, 2009 and had not yet expired. The docket reflects that petitioner received a copy of that Order on October 4, 2010, while there was still twenty-four days left in which to timely file his § 2255 motion. Despite this, petitioner still did not timely file his motion.

Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that his case would be recommended for dismissal unless he could show that his motion was timely. See (Dkt.#69).

On December 20, 2010, the petitioner filed his response (Dkt.#77) to the Court's Hill v. Braxton Notice. His response is non-responsive on the issue of untimeliness. He references his earlier motion requesting an extension of time and appears to be implying that his § 2255 motion is timely:

> On September 28, 2010 the defendant addressed the court concerning possible extension of time in which to file a Motion UNDER [sic] 28 U.S.C. & 2255 [sic]. In support of the motion, the defendant requested the following information to colaborate [sic] the inaccurities [sic] concerning the defendants [sic] case, Presentence Investigation Report, Sentencing Hearing Transcript, a copy of his plea agreement, and appointment of counsel. On page 2 of this document states that under the AEDPA began to run from the end of that period, which would be approximately November 19, 2009.[3] Accordingly, this Court notes that the one-year-time limit to file a & 2255 [sic] petition has not yet expired.

(Dkt.# 77 at 1).

Petitioner makes no more mention of the issue of timeliness. The remainder of his untitled filing appears be a memorandum in support of his original § 2255 motion.

Petitioner has made no attempt to claim that he was somehow prevented from making his § 2255 motion by an impediment created by the government, in violation of the Constitution. He does not assert any right, newly-recognized by the Supreme Court, made retroactively applicable to cases on collateral review, that would apply here. Nor has he even attempted to argue that there was a later

---

[3] This is the date cited in the first Order denying petitioner's motion requesting an extension of time (in advance) in which to file a § 2255 motion. (Dkt.# 63 at 2). The amended order was issued the next day, on September 29, 2010, correcting the error by advising that the date that the one-year period began to run was October 28, 2009 and "the one-year time limit to file a § 2255 petition has not expired." (Dkt.# 64 at 2). The docket reflects that the certified mail return receipt shows that petitioner received a copy of that Amended Order on October 4, 2010 (Dkt.# 65), twenty-four days before the one-year period for timely filing expired.

date, before which the factual predicate of his claims could not have been discovered through the exercise of due diligence. Rather, he merely reasserts claims already raised and rejected, either by this Court or the Fourth Circuit Court of Appeals. He offers no explanation whatsoever to explain why, even after being advised well in advance of the expiration of the one-year statute of limitations, he still waited until after the time limit expired to file his § 2255 motion.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On May 20, 2008, the petitioner was charged in five counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C). (Dkt.# 1). On August 14, 2008, the petitioner pled guilty to Count Five, distribution of 54.9 grams of cocaine base, also known as "crack," in violation of §§ 841(a)(1), (b)(1)(B). (Dkt.# 40). On October 22, 2008, the petitioner's plea was accepted and he was sentenced to 135 months imprisonment followed by five years supervised release, and a $100 special assessment fee. (Dkt.# 45).

### B. Appeal

Petitioner's appellate counsel filed an Anders[4] brief on his behalf, raising one issue: whether the District Court erred in accepting petitioner's guilty plea. In addition, petitioner filed a *pro se* supplemental brief raising four issues:

1) his Presentence Report ("PSR") contained inaccurate information regarding his criminal history and he was denied his due process right to review the PSR before being re-sentenced [sic];

---

[4] Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)(holding that court-appointed counsel for an indigent has a duty to support his client's appeal to the best of his ability, and if, after conscientious examination, he/she finds the case to be wholly frivolous, he/she should so advise the court and request permission to withdraw, while submitting a brief referring to anything in the record that might arguably support the appeal. The indigent client should then be permitted to submit his/her own *pro se* supplemental brief, raising any issues he/she chooses. If the Court, upon its own exam, decides that the case is indeed frivolous, counsel's request to withdraw will be granted and the appeal will be dismissed. If there are arguable legal points, the indigent will be afforded the assistance of counsel to argue them).

2) he was denied the base offense two-level reduction pursuant to Amendment 706 to the Guidelines;

3) he did not receive the third level reduction in base offense for timely acceptance of responsibility, despite having timely pled guilty; and

4) he was denied his Sixth Amendment right to "reasonably effective" legal assistance by his trial counsel.

The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence in an unpublished *per curiam* opinion on July 28, 2009, finding that petitioner's plea was knowing and voluntary, and that issues raised separately by petitioner in his *pro se* supplemental brief lacked merit. Petitioner made no motion for rehearing and the record does not show that he filed a petition for writ of *certiorari* with the Supreme Court of the United States.

**C. Other Collateral Proceedings**

On April 5, 2010, petitioner filed a *pro se* Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. § 3582. (Dkt.# 59). On April 6, 2010, an Order was entered denying petitioner's motion requesting modification of sentence. (Dkt.# 60).

**D. Federal Habeas Corpus**

In the petition, petitioner asserts the following grounds for relief:

(1) the probation officer violated Fed R. Crim. Pro 32(e)(2) and U.S.C. 3552(d) by failing to timely provide petitioner, his counsel and the Government with a copy of the Presentence Report at least 35 days before sentencing;

(2) The District Court erred when it failed to award him the third level for timely acceptance of responsibility;

(3) Counsel was ineffective for:

a) failing to object to the Fed R. Crim. Pro 32(e)(2) violation;

b) failing "to object for the reductions for correction of reductions [sic] for 3E1.1(a)

4

for acceptance of responsibility, 4 levels reduced [sic] from guideline range Category IV is 110-137 months [sic] government recommend lower end which is 110 month sentence." (Dkt.#66 at 7).

c) failing to file a Rule 35 motion for 5K1.1 (assistance to authorities) for sealed information petitioner provided to permit the conviction of Jesse Miller and two co-defendants.

As relief, petitioner requests "Reductions for 3E1.1 Acceptance of Responsibility, Amendment 706 total of 4-level reduction from sentence imposed & Reduction for 5K1.1 and Admendment [sic] to Guidelines for Emergency Amendment to Guidelines." (Id. at 13).

## II.  Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment

---

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

of conviction becomes final ten days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, petitioners' Judgment was entered on October 29, 2008. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals, where the District Court's judgment was affirmed on July 28, 2009. Since petitioner did not file a motion for rehearing, or petition for writ of *certiorari* to the U.S. Supreme Court, his conviction became final on October 28, 2009, when the time for seeking such review expired. See Clay v. U.S., 537 U.S. 522 (2003). Therefore, the petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on November 18, 2010, twenty-one days after the statute of limitations had already expired.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

Here, a review of the docket reveals that petitioner filed nothing on his own behalf from the time his conviction was final until April 5, 2010, when he filed his motion requesting modification of sentence. (Dkt.# 59). He has not claimed that he was somehow prevented from timely filing a §

6

2255 motion by anything done by the Government. He has presented no evidence regarding any newly-discovered fact that would justify equitable tolling, let alone proven the requisite diligence in attempting to timely file his motion. To the contrary, despite being given specific notice by this Court of the exact date by which he needed to file his § 2255 motion, he still waited until three weeks after that date had passed to file it.

Petitioner has not shown that any circumstance beyond his control or external to his own conduct caused his delay. Further, because a review of the record shows that petitioner's § 2255 claims are unsupported or have already raised and rejected, either by this Court or the Fourth Circuit Court of Appeals, petitioner cannot show that gross injustice will occur if the statute of limitation for his § 2255 motion is enforced.

Accordingly, in this case, despite adequate notice from the Court, *inter alia,* the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within **fourteen (14) days** after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 22, 2010

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE